IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                               Cr. No. 01-1732 JP

QUENTIN L. BUTLER,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

        THIS MATTER comes before the Court pursuant to 18 U.S.C. § 3401 on Defendant's Appeal from United States Magistrate Judge's Order of Restitution. Having considered the briefs, the hearing transcript, and the relevant authority, the Court vacates the Order of Restitution.

**I.**     **Background**

        Quentin Lamont Butler was charged by criminal complaint with assaulting, resisting or impeding a federal officer when engaged in his official duties, in violation of 18 U.S.C. § 111(a), and with high-speed flight from an immigration checkpoint, in violation of 18 U.S.C. § 758. (*Doc. 1*). On September 19, 2001, Defendant consented to proceed before a United States Magistrate Judge and plead guilty to the complaint. Defendant appeared before the Magistrate Judge for his sentencing hearing on December 6, 2001. At that hearing, the Magistrate Judge adopted the presentence report and sentenced Defendant to ten months imprisonment followed by one year of supervised release. The court further ordered that, pursuant to the Mandatory Restitution Act of 1996, Defendant make restitution to the United States Border Patrol in the amount of $2,410.75 for property damage sustained by a Border Patrol vehicle. Defendant appealed the Order of Restitution to the Tenth Circuit Court of Appeals. The Circuit Court remanded the appeal to this Court pursuant to 18 U.S.C. § 3401.

**II.**     **Standard of Review**

        The Court reviews the legality of a restitution order *de novo*. 18 U.S.C. § 3664 (d)(6). Unauthorized restitution orders are not in accordance with the law. *United States v. Wainwright*, 938 F.2d 1096, 1098 (10th Cir. 1991).

**III.     Analysis**

The Magistrate Judge's Order of Restitution in this case was based upon the Defendant being the only responsible adult riding in the vehicle that caused the property damage, despite the fact that the driver of the vehicle was not the Defendant himself, but was instead a different, minor individual.  However, the case of *Hughly v. United States*, 495 U.S. 411 (1990), superseded by statute as recognized in *United States v. Nichols*, 169 F.3d 1255 (10th Cir. 1999), limits an award of restitution to "the loss caused by specific conduct that is the basis for the offense of conviction."   Without having the benefit of this pertinent case law before her, the Magistrate Judge erroneously ordered Defendant to pay restitution, as his conviction is not sufficiently related to the minor driver's conduct in damaging the Border Patrol vehicle.  Therefore, the Court vacates the United States Magistrate Judge 's Order of Restitution in this matter.

Wherefore,

**IT IS ORDERED** that the United States Magistrate Judge's Order of Restitution in this matter is hereby vacated.

DATE April 25, 2003.

_____
SENIOR UNITED STATES DISTRICT JUDGE